I believe petitioners are here remotely and then we have Mr. Zadie in person and so just a question the person that I see is that Mr. Vossu? Yes your honor. All right and you're a certified law student and my understanding is that we have Philip Torrey supervising attorney is standing by. Yes your honor. All right thank you. Okay so we love having students argue and you've had a chance to see all the other arguments and each side has 10 minutes total and so you're the petitioner so we're ready to hear from you. Thank you your honor. Good morning your honors and may it please the court. My name is Connor Vossu I'm a clinical law student under the supervision of clinic director Phil Torrey. We represent petitioner Roberto Diaz-Boyzo. I'd like to reserve two minutes for rebuttal in this case. Okay proceed. I will thank you your honor. I will focus my argument today on why. You're a student at Harvard Law School yes? Yes your honor. And did you have my brother as one of your professors? Unfortunately not your honor. Well that's good because since I know your education has now been seriously neglected I'm happy to hear from you. So are you worse or better than your brother Judge Rakoff? He's my smarter younger brother. Okay all right go ahead. Thank you thank you. So I'll focus my argument today on why subsection 3c of the Oregon assault statute at issue in this case is not a categorical match for the removal ground under our definition or the government's definition of the removal ground. First the Oregon statute does not require proof of harm to a child. Subsection 3c can be satisfied in two ways when a child witnesses an assault or is in its immediate presence. Now we agree with the government that witnessing an assault satisfies the harm standard but the minimum conduct here which is relevant under the categorical approach is immediate presence. The Aloha case in our briefing shows that a defendant can be convicted when a child is in the immediate presence of an assault without the jury finding the child was awake or sentient. Such a child is not actually harmed. Second immediate presence in subsection 3c of the Oregon assault statute does not require proof of a sufficient risk of harm to a child. There's no element under that subsection that requires jurors to agree on a certain risk level to the child in order to convict and we think this this case is closely analogous to this court's decision in Menendez versus Whitaker a case in this court applying the SORM standard. Menendez held first that there was no actual harm to a child in a sexual contact of a minor statute because the defendant in that case the child did not need to be aware of the nature of the sexual conduct. That's the same here that a defendant here can be convicted if a child sleeps through the entire assault. Right so the case that you cite analyzes what statute is it a California statute? Your Honor it's California 288c1. Okay so just from our perspective we're not really comparing the two in the sense that your job here is to convince us that that 163.1603 doesn't fit within 1227 right? So we're not it's not whether it's the same as the California statute right? Well yes Your Honor we think that the California statute this court's in Menendez is highly persuasive to the extent your adopt a similar standard to SORM because that that's in that in that case this court found that there was you could not infer a sufficient risk of harm because there was no sufficient risk of harm type language in that statute. Likewise we don't have any element in the statute that requires the prosecution to prove nor the jurors to agree on any risk level to the child in order to convict let alone a sufficient risk of harm to the child. Well so if we read 1227 as including child endangerment if that's the way that we read it is the Oregon statutes requirement that the assault be committed in the immediate presence of the child sufficient to bring the conviction within 1227 and if so why not? No Your Honor because immediate presence the statute the defining the relevant case law defining the statute and the jury instructions none of them require the jury to agree to make any sort of a finding on any level of risk of harm of harm to the child let alone a and we think that this is similar to the case. But why isn't that an inherent in being immediately in the immediate presence of child of an assault? Well Your Honor the the definition the relevant test here is comparing the minimum elements of the statute and under under the minimum elements here all the jury needs to agree is that the child is in the same physically unseparated immediate presence and so if you're in the media if a child's an immediate presence of an assault taking place the risk of harm to the child is Well I would disagree Your Honor in that the jury is never required to make any any any decision under this case about the requisite level of risk of harm to a child the jury is not parsing any factors that relate to the child's risk Why does that matter? I mean if you if the jury finds that the child was in the immediate presence of an assault taking place it's just inherent in what that finding means that there's a risk of the child. I would disagree Your Honor and I think that there is a distinction between reading the statute as immediate presence where there is a high likelihood of harm to a child which is what the government would like to read the statute as an immediate presence which does not require the jurors to agree and concur I mean even if all jurors in a particular case agree that there is a certain risk level to a child they still do not have to make that finding and concur on any sort of a risk level to the child in order to convict and we think that is a distinction that matters that's why this court in Menendez found there was no sufficient risk. I don't know I mean why couldn't Oregon just say that the risk of harm factor is subsumed or is met by the immediate presence factor? Oregon can as is its prerogative Oregon can write a statute in this way but if you look to Menendez, Menendez specifically cites Mathis here and Menendez writes that while the statute issue at that case may reflect a legislative judgment that conduct often presents a risk of harm the inquiry is limited to the constituent parts of the crime's legal definition and our argument Your Honor is that there's no unlike all the other cases today unlike the for example the Rivera-Mendoza case the government specifically points to case law and the statute where there's a likelihood of harm finding baked into that statute here the the prosecution does not have to prove risk of harm let alone a sufficient risk of harm nor need the jury concur on any requisite level of risk of harm and this court has never inferred a sufficient risk of harm under SORM into a statute where absent that risk of harm language that's sufficient risk. So you're saying that a state Oregon cannot transform the risk of harm element prong into like a factual prong is that your argument so you know say that the Oregon statute Oregon legislators say risk of harm you know in this case equals immediate present to assault you're saying they can't do that. Well Oregon could certainly write the statute in a different way as they did in another statute or it's a prerogative Oregon can can can certainly write the statute in this way but they but what Oregon has not done here is include a risk of harm element in the statute and So what way is the statute written? My understanding is it contains four sections allowing assault in the fourth degree to be classified as a felony. While a person might qualify for one more than one section each contains a separate requirement. Why shouldn't we read the statute as divisible? Well we believe that we should read the statute as divisible. We think that for two reasons one there's case law Oregon anti-merger law shows that if you commit multiple aggravating offenses these offenses aren't separately punishable so that's it's we think that it's best read as one element of aggravation and the circumstances are simply an alternative to ways to commit that aggravating element and would also point your honors to Reynolds versus State which we discussed in their briefing reply briefing on page 20 which contemplates that it would be legally sufficient to issue a general indictment charging a defendant with felony fourth degree assault without specifying a particular circumstance. So you're trying to say there's no mens re here? No your honor we think the mens re here is recklessness and we do not contest that recklessness that this the relevant mens re satisfies the removal ground here we're specifically focused on the actus reus. And on that question I thought your argument was that child abuse requires actual injury to the child but you're not doing that today you're saying risk of harm is enough. So your honor we do in our briefings advance an argument about harm to it the statute requiring harm to a child we do think that that's the best reading of the statute but even if your honors come to a conclusion a different conclusion our statute would still not fall be a categorical match under that reading. I see thank you. Would you like to reserve the balance of your time? Yes thank you your honor. Thank you. All right we'll hear from the government. Good morning your honors Imran Zaidi again for the government. Let me just start by comparing very quickly the challenges. If you were in private practice you'd be paid by your time and you'd be a rich man by the time we finish this morning. But here I am your honor a humble civil servant. And we appreciate that just like we appreciate law students we appreciate civil servants. I appreciate that your honor. So big picture as my friend just clarified so they do have a generic definition but on that just to distinguish this case from the other ones you've heard today this is just the challenge to endangerment overall it's not just to negligence because this statute doesn't encompass negligence it's recklessness as my friend just said. So that's a heavier lift. Again we don't need to get into that it sounds like they don't want to raise that argument. Does he does the petitioner argue that that 163.1603 does not come within 1227 because it does not require any mens reas to the child victim? That's one of the arguments your honor I don't know that he just raised that but in the brief their argument is that as to the act it requires at least recklessness. But then for one of their arguments is that there's no mens rea as to the child because it doesn't say anything in that aggravating factors subsection. But that's never been required under any generic definition that anybody is contemplated certainly under the matter of Velasquez Herrera definition the mens rea is only required as to the act itself. So it appears the Oregon statute simply requires the presence of the child. Correct. Why does this show the requisite reasonable probability of harm for inclusion under 1227? So there's two ways to violate that aggravator subsection the being a witness or being present immediately present. Petitioner has conceded that being a witness would be emotional abuse and so that would be child abuse. And then the question then becomes and I think that's really what this case boils down to is being in the immediate presence which Oregon is defined as being the same physically unseparated space as the victim. Whether that creates a risk of likely harm to a child be it physical emotional something else. And we think it's clear that it does because you are talking about a physical assault on a domestic somebody in the domestic context with somebody right next to you or in the same physically unseparated space and in a manner in which petitioners conceded if they witness it so even taking their example of somebody who's sleeping. The question is just is there a risk that they would likely just wake up and witness it petitioner concedes that would be abuse or that the physical altercation would spill over into the child themselves. And so the question becomes is that a risk of likely harm we think it absolutely is. We dispute strongly petitioners contention that the words risk need to be in the elements of the statute or in the statute somewhere itself. The categorical approach is upside and I realize that's not something that is said very often in this court but is that you're comparing elements that you're comparing the conduct encompassed in elements to the conduct encompassed in elements. Well I would like to get rid of it. I think most of us that I've been on the court over 20 years and that would be if I could get rid of it. I did not. I think that would be my greatest accomplishment. I did not need to poke the bear of the categorical approach but I think the comparison that you do in the categorical approach is you're looking at elements on one side and elements on the other and what conduct is comprised in those elements. So if you have an ongoing physical altercation with somebody and a child in the immediate physical presence the question is just is there a risk of likely harm inherent in the elements of that offense. We think there absolutely is here and again petitioners conceded that the witness part of that aggravating subsection has already been satisfied. We understand petitioners to have conceded in their reply brief a few of the other arguments they had originally raised that this is not directed toward the child and then the other one I believe there's another version of that that petitioner had also conceded so I think we're really just looking at the immediate physical presence part of this but the reasons I just mentioned we think that is satisfied. As to divisibility your honor I'll just very briefly say but I think we're very clearly divisible here petitioners original theory of why this statute was indivisible was based on something this court is now refuted in Vasquez-Valle we're looking at a single crime yes not discrete offenses but that has multiple disjunctively listed aggravating penalties and this court has made clear in Vasquez-Valle that those are in Oregon state law has made clear that those alternatives are meant to be treated as elements. So picking up this this is probably something well beyond the power of this court but I'll throw it out for consideration anyway based on the point that Judge Callahan just mentioned. So what we're required to do in each of these cases is first not deal with actual facts of the case itself but deal with a speculation as to what might be the least case that might be brought within the speculative plated category of such cases under the state statute and then we have to speculate as to whether that least case falls within or does not fall within the federal statute even though the federal statute doesn't have any reason to apply to that remote case because in many of those situations the remote case was never even brought and then we have to speculate as to whether it would be likely that a prosecutor would ever bring that remote case. So this entire approach foisted upon us by the Supreme where it goes beyond the power of an article three judge. I raise that only because you were about to say you had nothing further to add so I knew this was time I could impose those points for the record so to speak but I mention it for what it's worth. I don't know if you have to answer. I don't I mean I don't I didn't understand it to be a question Judge Rakoff but I will just clarify because the speculative ordinary case starts it starts to sound like Sessions versus DiMaio unconstitutional vagueness. I think I agree with everything that you just formulated as what the categorical approach does except that it sounds a little bit more speculative. You are still looking at the sort of least minimum conduct in the elements of a statute and then just saying whether that matches up with the generic definition. So I just wanted to push back just on the part of that characterization that was speculative or in the ordinary case because that was the problematic part of the unconstitutional vagueness holding in Sessions versus DiMaio but otherwise yes yes is my answer. There are problems here and for now they are yours I'm sorry to say but I have no other I have nothing else if your honor. I don't think we have any additional questions. Thank you for your argument. Thank you very much. All right you have a little rebuttal time. Thank you your honor. I just want to quick point your honors is that under the categorical approach your honors are required to compare the least culpable conduct as Judge Rakoff was talking about the elements of the state statute to the removal ground and here there is no element in the state statutes that requires the prosecution to prove nor the juries to come to any relevant conclusion about a risk of harm to a child. So canceling your friend or you know mentioned it's a good point though you conceded that witnessing the assault is satisfies risk of harm. Yes your honor. So why couldn't it you know being an immediate presence then isn't it just a matter of the chances the child wakes up or opens his eyes. That could very well be your honor but even under that circumstance the jury is still not required to come to any conclusion. Well but even under the but even under the witnessing part pronged the jury is not required to make that finding either. Well we would say under witnessing that's actual harm rather than a sufficient risk of harm if you look to for example the case Mendoza-Sorio that the other counsel cited we think that emotional or psychological harm is inherent in witnessing whereas with the sufficient risk of harm that would require an element in the statute. But but why would one you know why would harm be allowed to be implicit while risk of harm has to be explicit I don't understand that. Well your honor I think that's what this court has held in Mendez and that's what the board has held and it's published decisions following Sorum. It's specifically required when it comes to risk of harm offenses to have an element in the statute that have risk of harm and they've said that in Sorum they've said that in Rivera Mendoza and that's what the government even argued in Rivera Mendoza's case that it required some case law or element there. Unless there are further questions your honor we request request you grant the petition for review. Thank you very much. All right well I want to thank you both for your argument here and I think I want to thank Harvard for having a clinic that allows representation and I think that Mr. Diaz Boiso has been well represented by a law student and you're welcome back anytime and and you're welcome back anytime Mr. Zidey even though I saw you a lot today. So thank you both for your helpful argument in what are difficult cases and this court this matter will be submitted and this court is in recess. This court for this session stands adjourned. you
judges: CALLAHAN, BUMATAY, Rakoff